THOMPSON, Judge.
The claimant appeals a workers’ compensation order contending, inter alia, that the deputy commissioner (deputy) erred in concluding that because the doctors did not express their ratings in accordance with the American Medical Association’s Guides to the Evaluation of Permanent Impairment (the AMA Guides) he could not consider their testimony to determine the amount of claimant’s anatomical impairment. We reverse as to this point'.
Based on the decisions of this court at the time of the hearing the deputy correctly concluded that an anatomical impairment rating must be based on the AMA Guides, even for accidents occurring prior to August 1,1979. However, in an en banc opinion decided subsequent to the hearing this court held the use of the AMA Guides was not required to determine the existence or degree of permanent impairment resulting from accidents occurring prior to August 1, 1979. Peck v. Palm Beach County Board of County Commissioners, 442 So.2d 1050 (Fla. 1st DCA 1983). Since the accident involved herein occurred on November 23, 1977, prior to the date § 440.15(3)(a) Fla.Stat. (1979) became law, the deputy erred in concluding that be *1101 cause the doctors did not express their ratings in accordance with the AMA Guides he could not determine the exact amount of claimant’s anatomical impairment. We therefore reverse on this point and remand for determination of claimant’s degree of anatomical impairment based on medical testimony without regard to the AMA Guides.
We find there is competent substantial evidence to support the deputy’s finding that claimant reached maximum medical improvement on May 4, 1981. There is also competent substantial evidence to support the deputy’s finding that claimant failed to conduct a good faith work search. Accordingly, these findings are affirmed. The issue raised by claimant concerning the deputy’s failure to award permanent total disability benefits based on loss of wage earning capacity is moot as a result of our disposition of the issue regarding the inadequate work search.
Reversed in part, affirmed in part, and remanded for proceedings consistent with this opinion.
SHIVERS and JOANOS, JJ., concur.